LAWRENCE F. FINKELMAN, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Finkelman v. Commissioner
Docket Nos. 13875-82, 20074-86, 20075-86
United States Tax Court
T.C. Memo 1994-158; 1994 Tax Ct. Memo LEXIS 159; 67 T.C.M. (CCH) 2657; April 14, 1994, Filed *159 Lawrence F. Finkelman, pro se. For respondent: Ronald M. Rosen. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: These consolidated cases were the subject of orders to show cause why decisions should not be entered in accord with a test case, Finkelman v. Commissioner, T.C. Memo. 1989-72, affd. without published opinion 937 F.2d 612 (9th Cir. 1991), cert. denied 112 S. Ct. 1291 (1992). By means of notices of deficiency, respondent determined the following deficiencies, additions to tax, and increased interest: Additions to Tax and Increased Interest Income
Sec.
Sec.
Sec.
Sec.
Year
Tax 6653(a)
6653(a)(1) 6621(d)
6651(a)
1976
$ 413
-- -- --
-- 1977
3,963
-- -- --
-- 1978
3,227
-- -- --
-- 1979
5,382
$ 269.10
--
[3] -- 1980
9,964
498.20
-- [3] -- 1981
11,433
-- [2] $ 571.65
[3] -- 1982 [1]
9,131
-- [2] 456.55
[3] $ 620.60
*160 Petitioners conceded the income tax deficiencies for each year and respondent has conceded all additions to tax, but not the increased interest under section 6621(c), [2] formerly 6621(d) and currently repealed (for convenience we use section 6621(c)). The remaining issue for our consideration is whether petitioners are liable for increased interest under section 6621(c) for the taxable years 1979 [3] through 1982. Background
In Finkelman v. Commissioner, supra (test case), five representative partnerships' transactions were selected by the parties from a group of related partnerships with similar real estate transactions. Lawrence F. Finkelman (petitioner) *161 invested $ 15,000 in one of the partnerships. Petitioner is the son of Sol Finkelman, the promoter of the real estate partnerships and taxpayer in the test case. Petitioner, an aerospace engineer with special expertise in computers, was involved in the promotion of the real estate partnerships to the extent that he created a computer model or program in connection with the financial details of the transactions. Petitioner invested $ 15,000 in the "Greenville" partnership. Prior to investing, he analyzed the numerical aspects of the transaction based upon his view of the possible variations in the option price and other factors. Petitioner relied upon the value placed on the realty by his father, the promoter, and did not independently value or verify the underlying value of the real property which was the subject of each partnership. Petitioner's analysis would not have afforded the same results if the value of the underlying realty was less than the amount designated by the promoter, because a large portion of the tax benefit was attributable to depreciation based on the basis of the realty. After petitioner purchased the Greenville partnership interest, he received 1-percent *162 interests in many of the partnerships organized and promoted by his father. [4] Petitioner did not thoroughly investigate the numerical aspects of the partnerships in which he received 1-percent interests; instead, he thought they appeared the same or similar to the first investment. Although petitioner paid no consideration for all but one of the partnerships in which he was a partner, he nevertheless claimed tax deductions in connection with all of them. Prior to his $ 15,000 investment, petitioner consulted his certified public accountant, who was also an investor in some of these partnerships. Petitioner's accountant was not consulted regarding the 1-percent *163 interests petitioner received from his father. Discussion
Section 6621(c) provided for 120 percent interest on a substantial underpayment attributable to a tax motivated transaction. Amongst the "tax motivated" transactions defined in section 6621(c)(3)(A) were "(i) any valuation overstatement (within the meaning of section 6659(c)) * * * and (v) any sham or fraudulent transaction." We held in the test case that section 6621(c) was applicable "Because the underpayments * * * were attributable to valuation overstatements and transactions lacking in economic substance and profit objective" under section 6621(c)(3)(A)(i) and (v). Finkelman v. Commissioner, T.C. Memo. 1989-72. Here, petitioner seeks to show cause for relief from section 6621(c) interest because of "a reasonable basis for the valuation or adjusted basis claimed on the return and * * * such claim was made in good faith" as was permitted under section 6659(e). In essence, petitioner contends that if he shows a reasonable basis for the valuation, then section 6621(c) should not apply. Petitioner further argues against the imposition of increased interest under section 6621(c) on *164 the theory that it should not be imposed in a situation where the partnership interest is gifted to a partner. Respondent contends that petitioner is not entitled to relief from section 6621(c) for reasonable cause. The memorandum opinions upon which respondent relies are: Cranfill v. Commissioner, T.C. Memo. 1988-478, and Williams v. Commissioner, T.C. Memo. 1988-6. In Cranfill it was noted that the language of section 6621(c) does not provide for a reasonable cause exception and that section 6659(c) was referenced in section 6621(c) for definitional purposes and not incorporated by reference into section 6621(c). Similar observations were made in Williams. Petitioner, citing Heasley v. Commissioner, 902 F.2d 380 (5th Cir. 1990), revg. T.C. Memo. 1988-408; and Todd v. Commissioner, 862 F.2d 540 (5th Cir. 1988), affg. 89 T.C. 912 (1987), argues that (1) "the § 6621(c) penalty can be waived if the taxpayer shows a reasonable basis for the valuation overstatement and that taxpayer acted in good *165 faith" and (2) "that whenever the I.R.S. totally disallows a deduction or credit, the I.R.S. may not penalize the taxpayer for a valuation overstatement * * * [and] because the understatement is not attributable to a valuation overstatement per § 6659, § 6621(c) may not be applied." Respondent argues that even if we were to hold that petitioners were entitled to and did show reasonable cause with respect to the valuation overstatement or if section 6659 was not applicable because of the disallowance of petitioners' deductions, that would address only our section 6621(c)(3)(A)(i) holding in Finkelman v. Commissioner, supra. Accordingly, petitioner would continue to be liable for the additions to tax for increased interest under section 6621(c)(3)(A)(v) attributable to "any sham or fraudulent transaction." We agree with respondent's analysis and find it unnecessary to consider petitioner's analysis of Heasley v. Commissioner, supra, and Todd v. Commissioner, supra, and their effect, if any, upon these cases. Finally, we consider petitioner's claim that the section 6621(c) increased *166 interest should not be imposed in a situation where the partnership interest is gifted to a partner. On this point petitioner argues that the increased interest is punitive in nature and should not be "applied to a free gift." We find this portion of petitioner's argument to be a non sequitur. Section 6621(c) addresses tax motivated transactions. It is irrelevant whether a taxpayer purchased or was the donee of an interest in a tax motivated transaction. Instead, it is the claim of tax benefits from the asset or interest which is the object of the section 6621(c) definition. Petitioner advances no support for his position, and, indeed, we are aware of none. To reflect concessions of the parties, Appropriate orders and decisions will be entered.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Lawrence F. Finkelman, docket No. 20074-86, and Lawrence F. Finkelman and Laura Finkelman, docket No. 20075-86.↩
3. Interest payable at 120 percent of adjusted rate pursuant to sec. 6621(b) of interest accruing on a deficiency attributable to a substantial tax-motivated underpayment beginning after Dec. 31, 1984. See sec. 301.6621-2T A-10, Temporary Proced. and Admin. Regs., 49 Fed. Reg. 50393 (Dec. 28, 1984↩).
2. Plus 50 percent additional interest due on deficiency determined pursuant to sec. 6653(a)(2).↩
1. The year 1982 involves Lawrence F. and Laura Finkelman. All other tax years concern Lawrence F. Finkelman only.↩
2. Section references are to the Internal Revenue Code in effect for the periods under consideration.↩
3. Although the parties (especially respondent) presented their arguments in these cases with the implication that sec. 6621(c) is involved in all tax years, we find that it is not in issue for 1976, 1977, and 1978.↩
4. Petitioner's father promoted 48 real estate partnerships. The exact number of 1-percent partnership interests petitioner received from his father without consideration is not clear from this record. It is determined in the notices of deficiency, however, that petitioner received at least ten 1-percent interests in different partnerships from his father.↩